UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN RE: MICHIGAN AVENUE COMMERCE CENTER LTD.,**

        **Debtor.**


**MICHIGAN AVENUE COMMERCE CENTER LTD.,**

        **Appellant,**

**-vs-**                            **Case No. 6:11-cv-236-Orl-28**
                            **Bankr. Ct. Case No. 6:10-bk-11846-ABB**

**RBC BANK (USA),**

        **Appellee.**
_____/

## ORDER

This case is an appeal from an order of the bankruptcy court dismissing the Chapter 11 bankruptcy case of Michigan Avenue Commerce Center Ltd. ("the Debtor") and enjoining the Debtor from filing another bankruptcy case for 180 days. As set forth below, the decision of the bankruptcy court is affirmed.

### I. Standard of Review

In reviewing a decision of a bankruptcy court, "[f]indings of fact . . . shall not be set aside unless clearly erroneous." Fed. R. Bankr. P. 8013. A bankruptcy court's conclusions of law, however, are reviewed de novo. See, e.g., Schlein v. Mills (In re Schlein), 8 F.3d 745, 747 (11th Cir. 1993). Thus, this Court "'freely examines the applicable principles of law

to see if they were properly applied and freely examines the evidence in support of any particular finding to see if it meets the test of substantiality.'" Club Assocs. v. Consol. Capital Realty Investors (In re Club Assocs.), 951 F.2d 1223, 1228-29 (11th Cir. 1992) (quoting Southtrust Bank of Ala., N.A. v. Thomas (In re Thomas), 883 F.2d 991, 994 (11th Cir. 1989)).

## II.  Discussion

The Debtor filed its Chapter 11 bankruptcy petition on July 6, 2010—the day before a scheduled foreclosure sale on three properties owned by the Debtor and approximately one month after the foreclosing lender, Appellee RBC Bank (USA) ("RBC"), had obtained a final judgment of foreclosure in the amount of just over $1.2 million dollars.  In the bankruptcy court, RBC filed a motion to dismiss the Debtor's bankruptcy case as one that was filed in bad faith, noting, inter alia, that two of the parcels to be foreclosed upon had been transferred to the Debtor a week before the bankruptcy filing[1] and that the filing was made on the eve of the scheduled foreclosure sale.  The Debtor did not file a response to the motion, but the court held a hearing at which counsel for the Debtor appeared.  (See Tr. of 01/06/2011 Hr'g, Attach. to Doc. 10).

During the hearing, the bankruptcy court expressed its concern over the last-minute transfers of property to the Debtor, and the Debtor's counsel stated he was not involved in the case at the time of the transfers and that the transfers had also concerned him.  (Id. at 16).  The U.S. Trustee also expressed concern at the hearing over the transfers and was not

---

[1]The three parcels had been mortgaged to secure a $1 million loan from RBC's predecessor-in-interest.  The Debtor owned one of the parcels when the loan was made in August 2006; the other two parcels were owned by others but were transferred to the Debtor on June 30, 2010 and July 1, 2010—just before the Debtor filed its Chapter 11 petition.

comfortable with the explanation that had been offered for the transfers. (Id. at 17). The bankruptcy judge then announced that the motion to dismiss would be granted based on bad-faith filing as evidenced by the transfers. (Id.).

The Debtor has not established that the bankruptcy court erred in dismissing the case based on bad faith filing or in enjoining the Debtor from refiling a bankruptcy petition for 180 days. The Debtor either raises arguments that were not raised below or otherwise fails to present grounds for reversal.

### III.  Conclusion

Accordingly, it is **ORDERED** that the appealed order of the bankruptcy court is hereby **AFFIRMED**. The Clerk is directed to enter a judgment affirming the bankruptcy court's decision. Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 2nd day of June, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record